*1356 OPINION.
Smith :
The deficiencies are based- upon the respondent’s determination that the petitioners received certain shares of the common stock of the American Chain Company as a bonus or compensation for services rendered by the partnership in underwriting the securities of the American Chain Company. By amended answers, the respondent makes affirmative allegations to the effect that petitioners received other securities in like manner. The evidence adduced does not support the respondent’s position on this point, and we have found as a fact that all of these securities were purchased by the' partnership. On brief, the respondent abandoned his original position and contends for a redetermination as set forth in his affirmative allegations, to wit, that the entire cost of the securities purchased be allocated between the several classes of securities purchased and that the profits realized by the partnership be redetermined accordingly. The petitioners would then be taxed upon their distributive share of such profits. Section 218 (a) of the Revenue Act of 1921.
The respondent has the burden of proving facts necessary to maintain his affirmative allegations. Rule 30, Board’s Rules of Practice. See Stewart & Bennett, Inc., 20 B. T. A. 850. In these proceedings, it amounts to proving the proper basis for allocating the cost of the several classes of securities purchased by the partnership, some of which were sold to the public and some distributed to the petitioners. The petitioners argue that “ to make an apportionment of cost among securities of different classes purchased for a lump sum, it is necessary to know the market value of the several classes of stock.”
The matter of allocating the cost or other basis between the several classes of securities (bonds, preferred and common stock) and warrants for the purchase of stock is not one of simple mathematical computation. See Edward Stephen Harkness, 21 B. T. A. 1068. But the purchase price of the securities now under consideration may be “ fairly apportioned ” between the several classes in the “ pro *1357 portion which the market value of the particular class bears to the market value of all securities ” purchased. See articles 89 and 1567 of Begulations 62.
The evidence adduced related largely to the fair market value of the common stock of the American Chain Company, which we have found was $5 per share. This finding is based upon the opinions of qualified experts that this stock had a speculative value of not to exceed $5 per share. Their reasoning is persuasive and their testimony was not weakened upon cross-exalnination. They were familiar with the market for such stock. These opinions are entitled to weight, and in the circumstances we believe that the frima facie correctness of the respondent’s determination of value for this stock is overcome. Cf. American Cigar Co., 21 B. T. A. 464; Old Mission Portland Cement Co., 25 B. T. A. 305. The Class A stock sold at $25.50 per share in 1923, and since there is nothing to indicate that these were not bona fide sales and since there is no contention that the fair market value of this stock was more or less, we have found that sum to be its fair market value. On brief, the petitioners concede that if the cost of the Class A and common stocks of the American Chain Company is to be allocated between these stocks, then the allocation should be in the proportion that the fair market value of each class bears to the total fair market value of both classes. With this we agree, and so hold.
Applying the above principle to the purchase and sale of the 125,000 shares of Class A stock of the American Chain Company which, with 20,000 shares of the common stock, were purchased for $2,250,000, this cost being allocated to the Class A stock in determining the profit upon its sale, we find that the profit realized by the partnership has been understated. The fair market value of the Class A stock and the common stock is $25.50 and $5 per share, respectively. The cost to be allocated to the Class A stock is:
125 000x25 50
(125,000X25.50)"+ (20,000X5)of $2>250.°00> or $2,181,558.93.
The profit realized by the partnership upon the sale of the Class A stock should be recomputed upon this cost basis and the petitioners’ shares of such distributive profit taxed accordingly. The profits of the partnership were not affected by the distribution of the common stock to the petitioners and we need not further consider the common stock in our determination.
The evidence relating to the purchase of the other securities consists of the admissions by the petitioners that the securities set forth in our findings were acquired by purchase and that they *1358 received the securities indicated. The petitioners do not admit, and the respondent has not shown, that they received the stock of the American Furniture Mart Building Corporation as alleged by the respondent. The transactions respecting the McCrory Stores Corporation preferred stock and warrants for the purchase of common stock are unexplained and we have no evidence upon which to consider the issue as it relates to this stock and warrants. We have no evidence explaining the charge of $1 per share for the common stock of the Phoenix Silk Manufacturing Company when distributed by the partnership to the petitioners. The only evidence of the fair market value of the other securities in controversy is (1) respondent’s Exhibit B, a prospectus regarding:
$3,500,000
Illinois Coal Coepobahon
First Mortgage Sinking Fund Gold Bonds Series A, 7%
in which the financial condition of that corporation is set forth; and (2) respondent’s Exhibit C, a prospectus regarding:
$1,500,000
Phoenix Silk Maniutactubing Company, Ino.
First Mortgage Twenty-Year 7% Sinking Fund Gold Bonds
in which the financial condition of that corporation is set forth. Both prospectuses were issued in 1923, and, assuming that they correctly show the financial condition of those corporations at a certain time, we do not know the fair market value of the several classes when purchased, and can not make an allocation of the cost basis to each class.
Except for the American Chain Company stocks, the facts of record are not sufficient to enable us to make an allocation of the cost basis to the several securities involved in these proceedings. Cf. John L. Kirkland, 20 B. T. A. 309, reversed by the Court of Appeals, D. C., March 14, 1932; Commonwealth Improvement Co., 20 B. T. A. 1189; Edward Stephen Harkness, supra; Collin v. Commissioner, 32 Fed. (2d) 753. The distributive profits of the partnership should be redetermined by recomputing the profit realized upon the sale of the Class A stock of the American Chain Company in accordance with this opinion, and the deficiencies redetermined accordingly.

Judgments will ~be entered u/nder Rule 50.